# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
 )  **JUDGE RICHARD L. SPEER**
Keith and Rhonda Railing  )
 )  Case No. 10-37540
  Debtor(s)  )
 )

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Debtors to Avoid Judicial Liens held by Kimberlea Chandler. (Doc. No. 40). Kimberlea Chandler, a creditor in this case, filed a response to the Debtors' Motion, objecting to the relief sought by the Debtors. (Doc. No. 48). Two separate hearings were held by the Court on this matter. At the conclusion of the second hearing, the Court afforded the Debtors the opportunity to submit updated information in support of their Motion to Avoid Judicial Liens. (Doc. No. 63). The Debtors have since submitted such information which this Court has now had the opportunity to examine. Based upon this examination, as well as a review of all the arguments submitted by the Parties, the Court, for the reasons set forth herein, finds that the Debtors' Motion to Avoid Judicial Liens should be Granted.

## BACKGROUND

On November 9, 2010, the Debtors, Keith and Rhonda Railing, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In the schedules they filed with their bankruptcy petition, the Debtors disclosed an interest in three parcels of real property. Two of these parcels are the subject of the Debtors' Motion to Avoid Lien: (1) the Debtors' residence; and (2) a rental property located on Gibson Street in Defiance, Ohio.

At the time they filed their petition for relief, the Debtors estimated the value of each of these properties to be $65,000.00. The Debtors also disclosed that the properties were encumbered by

**In re: Keith and Rhonda Railing**
**Case No. 10-37540**

various liens, both consensual and nonconsensual. First, as to the consensual interests, the Debtors set forth that both properties were encumbered by first mortgages. For their residence, the value of the first mortgage was set forth as $38,030.24; for the Debtors' rental property on Gibson Street, the value of the first mortgage was represented to be $47,372.63. Both of these properties were also represented to be pledged as collateral for a business loan in the amount of $97,493.58. It was then represented that, junior to these encumbrances, Kimberlea Chandler held a judgment lien against both properties in the amount of $68,634.50.

When they filed for bankruptcy relief, the Debtors, as permitted by 11 U.S.C. § 522(b) and § 2329.66(A)(1), claimed an exemptible interest of $25,500.00 in their residence. No exemptible interest, however, was initially claimed by the Debtors in their Gibson Street rental property. Later, however, citing to Ohio's wild card exemption, O.R.C.§ 2329.66(A)(18), the Debtors amended their bankruptcy schedules so as to claim an exemptible interest in their Gibson Street rental property in the amount of $950.00. (Doc. No. 64). At this time, the Debtors also revised downward to $48,000.00 their estimated value of the rental property. *Id.* As support for this valuation, the Debtors submitted to the Court a certified appraisal conducted of the property, dated May 31, 2011. (Doc. No. 62).

On February 22, 2011, the Debtors filed the Motion now before the Court to avoid the Judicial Liens of Kimberlea Chandler. In addition to objecting to this Motion, Ms. Chandler, alleging fraud, brought an action in the Debtors' bankruptcy case, seeking a determination that her claim against the Debtors was a nondischargeable debt. This action, however, was later dismissed pursuant to a Motion filed by Ms. Chandler, leaving only the issue regarding the avoidability of Ms. Chandler's liens before the Court.

Page 2

In re: Keith and Rhonda Railing
Case No. 10-37540

## DISCUSSION

Before this Court is the Motion of the Debtors to Avoid Judicial Liens held by Kimberlea Chandler. This type of Motion, involving a determination as to "validity, extent, or priority of liens," is deemed by bankruptcy law to be a "core proceeding." 28 U.S.C. § 157(b)(2)(K). Accordingly, this Court has been conferred with the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

It is a basic facet of bankruptcy law that liens will normally pass through bankruptcy, with the bankruptcy discharge having no effect on the lien. As the United Supreme Court has stated: "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor in rem." *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). It is also well-settled that valid liens obtained prior to a debtor seeking bankruptcy relief may be enforced on exempt property, a tenet now codified in § 522(c)(2). *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991).

These fundamental aspects of bankruptcy law, however, are not absolute and, under certain circumstances, an exemptible interest held by a debtor in property will allow the debtor to avoid a preexisting lien interest in the property. Relevant here, is Bankruptcy Code § 522(f)(1)(A) which the Debtors cite as the statutory basis for their Motion to avoid the judgment liens of Kimberlea Chandler. This provision provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--

Page 3

In re: Keith and Rhonda Railing
Case No. 10-37540

> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

The Creditor, Kimberlea Chandler, has objected to the Debtors' utilization of this provision to avoid her liens. At first, Ms. Chandler's objection extended to both of the liens she maintains against the Debtors' real property – that is, the lien she holds against the Debtors' residence and the lien she holds against the Debtors' Gibson Street rental property. However, Ms. Chandler later limited her objection to solely the Debtors' request to avoid her lien on the Gibson Street rental property. (Doc. No. 58). Accordingly, the Debtors' Motion to Avoid the Lien on their residence will be Granted without further discussion, with the following analysis limited to the application of § 522(f)(1) to the Debtors' Gibson Street property.

A creditor's judicial lien may only be avoided under § 522(f)(1) if it impairs a debtor's exemption. Impairment is defined in the statute according to the following formula:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>
>> (i) the lien;
>>
>> (ii) all other liens on the property; and
>>
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A). When applying this formula, it is the debtor's burden to establish the avoidability of the judicial lien. *In re Brasslett*, 233 B.R. 177, 189 (Bankr. D.Me. 1999).

Page 4

In re: Keith and Rhonda Railing
Case No. 10-37540

Based upon the information provided by the Debtors, the formulation of § 522(f)(2)(A) yields this calculation:

$214,450.71 Sum of all Liens and Exemption

    $68,634.50 – the lien of Kimberlea Chandler

    $144,866.21 – all other liens, representing the first mortgage of $47,372.63 and the collateralized business loan of $97,493.58.

    $950.00 – the amount of the Debtors' claimed exemption in the Gibson Street property.

$48,000.00 Value of Debtors' interest in the property absent liens

Taking then the Debtors' interest in their property, $48,000.00, and subtracting that amount from the sum of all the liens and exemptions claimed against their property, $214,450.71, an impairment of $166,450.71 results. Furthermore, this impairment, being greater than $68,634.50, representing the value of Ms. Chandler's lien, subjects her lien to complete avoidance under § 522(f)(1). *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 549–50 (6th Cir.1998).

In objecting to the avoidance of her lien on the Debtors' Gibson Street rental property, Ms. Chandler raised a number of different arguments. The first of these arguments attacks the above § 522(f)(2)(A) impairment calculation, holding that it is incorrect because it understates the value of the Debtors' rental property and it overstates the value of the business lien encumbering the property. On the former assertion, Ms. Chandler bases her position on the Auditor's website which she maintains shows that the value of the Debtors' Gibson Street rental property is $72,000.00. Regarding the collateralized business loan, Ms. Chandler maintains that the value placed on the loan is overstated because the loan is secured against other assets which would have to be first liquidated before the Debtors' rental property could be used as collateral.

Page 5

In re: Keith and Rhonda Railing
Case No. 10-37540

Where a controversy exists regarding the values to assign in the § 522(f)(2)(A) formulation, the Court, as the trier of fact, must assess which of the controverted values is supported by the greater weight of the evidence. *In re Armenakis*, 406 B.R. 589, 604 (Bankr.S.D.N.Y.2009) (preponderance of evidence standard applies to lien avoidance). In considering the points raised by Ms. Chandler, the Court is not persuaded that any modification should be made to the Court's § 522(f)(2)(A) calculation above.

First, the Debtors' assessment, that their rental property has a current value of $48,000.00, is corroborated by a certified appraisal – an appraisal which involved a thorough examination of the property, including an inspection of the interior of the premises. Ms. Chandler did not attack the facts or conclusions set forth in the report. Instead, the only evidence contradicting the appraisal is Ms. Chandler's representation that an auditor's report shows the property to be worth $72,000.00. The auditor's report, however, was not offered into evidence.

Under these circumstances, where the Court is asked to weigh a recent and uncontroverted certified appraisal against hearsay evidence offered from an auditor's report, the Court ascribes more evidentiary weight, and hence accuracy, to the recent appraisal. *See In re Falvo*, 227 B.R. 662, 664 (6th Cir. B.A.P. (Ohio) 1998); ("where neither party presented a certified appraisal on the property, it was entirely reasonable for the court to accept the broker's opinion over the creditor's personal opinion and calculations."); *In re Petrella*, 230 B.R. 829, 834 (Bankr. N.D.Ohio 1999) (appraisal report used over other evidence to establish property's market value).

This is not to say that the auditor's report offered by Ms. Chandler is not probative evidence as to the value of the Debtors' rental property. To the contrary, an auditor's report can be helpful when assessing a property's value. In this way, Ohio law (the situs of the Debtors' rental property) provides that an auditor's report as to the value of a person's property is to be derived from the "best sources of information available" with "an arm's length sale between a willing seller and a willing

Page 6

**In re: Keith and Rhonda Railing**
Case No. 10-37540

buyer within a reasonable length of time" being presumptively considered the "true value for taxation purposes." O.R.C. § 5713.03. Yet, in a bankruptcy proceeding, an auditor's report will often only serve as a starting point given that certain attributes of the report can call into question its reliability. For example, under Ohio law: (1) an auditor's report only needs to be conducted once in a six-year period,[1] O.R.C. § 5713.01(B); (2) the value assessed by the auditor need not be based on an inspection of the interior of property, O.A.C. 5703-25-12; and (3) the valuation set forth in the auditor's report does not necessarily operate as a final determination as to the property's value. O.R.C. § 5715.01(B).

As it applies to the formulation of § 522(f)(2)(A), the Court also declines to revise the $97,493.58 value the Debtors ascribed to their collateralized business loan. To be sure, the creditor holding this lien may, as Ms. Chandler argues, be required to marshal the lien by first looking to the Debtors' business assets to satisfy its claim. However, with no evidence before the Court on this matter, it would be pure speculation to even attempt to assess the extent to which the creditor would be required to marshal its lien. In any event, values, for purposes of § 522(f), are determined by reference to when a bankruptcy case is commenced. *In re Waldman*, 81 B.R. 313, 318 (Bankr. E.D.Pa.1987). And in this case, this much is certain: When they filed for bankruptcy relief, the Debtors' Gibson Street had been pledged as collateral for a business loan with an outstanding balance of $97,493.58.

Yet, even assuming for the sake of argument that a revision to the value of the collateralized business loan needs to made, such a revision would not change the ultimate outcome in this case. Under § 522(f)(1), a judicial lien will remain intact to the extent that the debtor has equity in the

---

[1] Ohio law requires the county auditor to value and assess property tax against the taxable property in the county. O.R.C. 5713.01(B) and 5713.03. In this duty, the auditor must reappraise property values once every six years and update the values at an interim three-year point. O.R.C. 5713.01(B), 5713.03, 5715.33, and 5715.24; O.A.C. 5703–25–16(B).

Page 7

**In re: Keith and Rhonda Railing**
Case No. 10-37540

exempt property which exceeds the value of the allowed bankruptcy exemption. *In re Kolich*, 328 F.3d 406, 409 fn. 2 (8th Cir. 2003). As a result, Ms. Chandler's lien may only be preserved to the extent it can be shown that the Debtors have equity in their rental property beyond their claimed exemption of $950.00. Based upon the numbers before the Court, however, Ms. Chandler cannot make this showing even if the business lien were reduced to a value of $0.00.

As set forth above, the calculation of § 522(f)(2)(A) resulted in an impairment of $166,450.71; of this amount, $68,634.50 is derived from Ms. Chandler's lien. Therefore, in order for any of Ms. Chandler's lien to be preserved, the impairment to the Debtors' rental property will have to be reduced by $97,816.21. This, however, is an impossibility considering that the value of the business lien, $97,493.58, does not exceed this figure.

In seeking to preserve her lien against the Gibson Street property, Ms. Chandler next attacks whether, as required by § 522(f)(1), her lien is actually a judicial lien. According to Ms. Chandler, her lien should be not be categorized as a judicial lien, but should rather be considered as an interest more akin to a mortgage. The Court disagrees.

The Bankruptcy Code recognizes three types of liens: judicial, statutory, and consensual. By its express terms, only a lien qualifying as a judicial lien can be avoided under § 522(f)(1). The Bankruptcy Code defines a judicial lien as one "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). By comparison, a mortgage is not subject to avoidance because it considered a consensual lien which the Code defines as a "lien created by an agreement." 11 U.S.C. § 101(51). *See also In re Uhrich*, 355 B.R. 783, 787 (Bankr. D.Neb. 2006) (for purposes of § 522(f)(1), a mortgage is a consensual lien).

In this matter, Ms. Chandler does not allege that her lien with the Debtors arose by agreement. Moreover, the information provided to the Court shows that, consistent with the

Page 8

**In re: Keith and Rhonda Railing**
**Case No. 10-37540**

definition of a judicial lien, Ms. Chandler's lien arose as the result of the entry of a judgment in a legal proceeding. Thus, as a purely factual matter, there is no reason to concluded that the lien held by Ms. Chandler against the Debtors' rental property does not qualify as a "judicial lien" for purposes of § 522(f)(1), thereby subjecting the lien to avoidance. Notwithstanding, it is the position of Ms. Chandler that her lien should be characterized as a consensual mortgage lien because the lien has been "in place for an extended period of time prior to the filing of the bankruptcy and is a perfected lien having the effect of a mortgage." (Doc. No. 48).

Ms. Chandler, however, does not cite the Court to any authority, nor can the Court find any, for the proposition that a judicial lien may be transformed into a consensual mortgage lien simply by remaining in place for an extended period of time. To the contrary, insofar as it concerns bankruptcy law, a lien's type is fixed at the time it arises, with a judicial lien being defined by when it was "obtained," while a consensual lien is defined by when it was "created." Hence, for definitional purposes under the Bankruptcy Code, later events are simply not considered when determining the lien's type.[2]

The next position put forth by Ms. Chandler relies on the premise that the Debtors' underlying claim of a $950.00 exemption in the Gibson Street rental property is improper, and thus should be disallowed. Ergo, if the exemption is not allowed, her lien cannot be avoided as there is no exemption to impair. According to Ms. Chandler, the Debtors' claim of exemption is improper because, having already utilized the exemption against other property, the Debtors "cannot use the

---

[2] *See, e.g., In re Dircks*, 329 B.R. 687, 692 (Bankr. C.D.Ill. 2005). (In determining which type of lien may be present, we must look at the origin of the creditor's interest rather than the means of enforcement) (citation and quotation omitted); *In re Concrete Structures, Inc.*, 261 B.R. 627, 635 (E.D.Va. 2001) ("the Bankruptcy Code categorizes a lien by the way it is established, not by how it is preserved) (citation omitted).

Page 9

**In re: Keith and Rhonda Railing**
Case No. 10-37540

wild card exemption more than once." (Doc. No. 58). The Court, however, cannot find any support for this position.

First, so long as it is not done in bad faith, a debtor may amend their bankruptcy schedules at any time to revise their claim of exemption. FED.R.BANKR.P. 1009(a); *Lowe v. Sandoval (In re Sandoval)*, 103 F.3d 20, 22 (5th Cir.1997). Second, Ohio's wild card exemption, O.R.C. § 2329(a)(18), provides that an exemption may be claimed for "[t]he person's *aggregate interest in any property*, not to exceed one thousand seventy-five dollars . . . ." (emphasis added). Ohio's wild card exemption, thus, allows a debtor to allocate their exemption among multiple items of property, so long as the total amount claimed as exempt does not exceed $1,075.00.

Ms. Chandler's final argument against the Debtors' Motion to avoid her lien is an equitable one, holding that her lien should remain in place because she was defrauded by the Debtors. This argument, however, also fails for two reasons. One, no judicial determination exists that the Debtors committed fraud, with the action brought by Ms. Chandler to have her claim against the Debtors held nondischargeable on the basis of fraud having been dismissed. Even so, matters of discharge and lien avoidance are not dependent on the other. *In re Vizard*, 327 B.R. 515, 517-18 (Bankr. D.Mass. 2005). As result, the Debtors would be entitled to avoid Ms. Chandler's lien, regardless of the character of the underlying debt. *In re Allen*, 217 B.R. 945, 949-50 (Bankr. M.D.Fla. 1998).

For those reasons stated herein, the Debtors are, pursuant to 11 U.S.C. § 522(f)(1), entitled to avoid the judicial liens held by Kimberlea Chandler in these two properties: (1) the Debtors' residence; and (2) the Debtors' rental property located on Gibson Street in Defiance, Ohio. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 10

**In re: Keith and Rhonda Railing**
Case No. 10-37540

Accordingly, it is

**ORDERED** that the Motion of the Debtors, Keith and Rhonda Railing, to Avoid the Judicial Liens of Kimberlea Chandler, be, and is hereby, GRANTED.

Dated: August 2, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 11

# CERTIFICATE OF SERVICE

Copies were mailed this 2nd day of August 2011 to:

James E. Hitchcock
650 W. First St.
Defiance, OH 43512

Douglas A Dymarkowski
5431 Main Street
Sylvania, OH 43560

Amy M. Blythe
24755 Chagrin Blvd., #200
Cleveland, OH 44122

Jennifer L Fogle
Mahaffey & Associates, LLC
8527 Central Ave
Sylvania, Oh 43560

Rhonda K. Railing
108 W Arthur St
Hicksville, OH 43526

Keith A. Railing
108 W Arthur St
Hicksville, OH 43526

/s/Laura Doerfler
Deputy Clerk, U.S. Bankruptcy Court